IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRY WAYNE SIFORD, JR.,   *

Plaintiff   *

v   *   Civil Action No. JFM-16-296

DETECTIVE GREGORY ALTON,   *

Defendant   *

\*\*\*

## MEMORANDUM

Pending is a Motion to Dismiss, filed by Detective Gregory Alton[1] ECF 16. Plaintiff has responded. ECF 24. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the dispositive motion will be GRANTED.

### Background

The case was instituted upon receipt of a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Terry Wayne Siford, Jr., who was then confined in the Franklin County Jail in Chambersburg, Pennsylvania. ECF 1. Plaintiff indicates that on February 9, 2014, he was pulled over in a traffic stop by Pennsylvania State Troopers. *Id.*, p. 3. Plaintiff maintains that the Pennsylvania police relied upon a police bulletin entitled "Night Stalker Burglaries" issued by defendant Detective Gregory Alton of the Washington County, Maryland Sheriff's Department. *Id.* The bulletin listed plaintiff as a possible suspect in regional nighttime residential burglaries. ECF 21-1. The bulletin indicated that plaintiff sold coins that were similar to coins stolen in a Virginia burglary and he had prior arrests for similar burglaries. It identified the type

---

[1] On September 27, 2016, the undersigned granted plaintiff's motion to voluntarily dismiss his claims against defendant Washington County Sheriff Department. ECF 22..

of car operated by plaintiff. *Id.* The bulletin indicated it was for informational purposes only and did not constitute probable cause to stop or detain plaintiff. *Id.* Plaintiff maintains that he was illegally seized and searched by the Pennsylvania State Police and arrested based upon the information in the bulletin. ECF 1, p. 3. As a result of his arrest, plaintiff was ultimately convicted of burglary. ECF 16-1.

Plaintiff states that the production of the bulletin by Detective Alton constituted defamation and libel as it was "without the proper probable cause, nor reasonable suspicion required under the Fourth Amendment. This conduct was reckless indifference to the rights of the plaintiff, and is malicious, wanton, reckless, willfill [sic] and oppressive." ECF 1, p. 4. Plaintiff further alleges that Alton committed civil conspiracy by producing the bulletin and forwarding it to the Pennsylvania State Police who performed an illegal search, seizure, and arrest based upon the bulletin. *Id.*, p. 4. As a result of the bulletin, plaintiff states that he was falsely arrested, denied due process, and falsely imprisoned. *Id*, p. 5. He also alleges he was deprived of equal protection of the laws. *Id.*, p. 6.

Plaintiff acknowledges that the statute of limitations for his state law claims of defamation and libel have expired but argues that the limitations period should be waived. *Id.*, p. 5. Plaintiff claims that although he did not become aware of the bulletin until July 10, 2015, during a suppression hearing held in the Court of Common Pleas at the Franklin County courthouse. *Id.*, pp. 4-5. The instant complaint is dated January 14, 2016. *Id.*, p. 6.

**Standard of Review**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243

(4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**Analysis**

A.  **Statute of Limitations**

Defendant argues that plaintiff's complaint is time barred. ECF 16. Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. Because the alleged defamation allegedly resulted in a false arrest and false imprisonment, I will assume that Maryland's three year statute of limitations applies. *See* MD. Cts & Jud. Pro. Code § 5-101.

The question of when a cause of action has accrued under §1983 is a federal question. *See Nassim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). The date of accrual occurs "when the plaintiff possess sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* Here the bulletin was issued on December 12, 2013. ECF 21-1. Plaintiff was pulled over on February 9, 2014. ECF 1, p. 3. Plaintiff indicates he learned of the bulletin on July 10, 2015. The complaint, dated January 14,

2016, was received for filing on February 1, 2016.  ECF 1. As such, plaintiff's **civil rights** complaint is timely.[2]

### B. Civil Rights Complaint

"In order to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254." *Heck*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment).

"A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." *Thigpen v. McDonnell*, 273 Fed. Appx. 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Here, plaintiff's allegations that Alton improperly issued the police bulletin which was relied upon by the Pennsylvania police, if true, would call into question the validity of plaintiff's Pennsylvania conviction.

In a case such as this "[w]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge

---

[2] For the reasons that follow, the court need not determine whether plaintiff's state court claims of libel and defamation are timely and/or whether he would be entitled to tolling of the limitations period for such state law claims.

4

the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); *see also Griffin v. Baltimore Police Dept.*, 804 F. 3d 692, 695 (4th Cir. 2015) (recognizing "favorable termination requirement" in cases where *Heck* applies). Plaintiff remains convicted of burglary (ECF 16-1 docket sheet Franklin County Court of Common Pleas) and as such he has failed to demonstrate a favorable determination of his underlying conviction which would clear the way for the instant civil rights case.

C.  **State Law Claims**

To the extent plaintiff's complaint raises state law claims, the court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. §1367(c)(3).

## Conclusion

For the aforementioned reasons, defendants Detective Gregory Alton's Motion to Dismiss, shall be GRANTED. A separate Order follows.

_2/1/17_
Date

_J. Frederick Motz_
United States District Judge